UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24565

SHANNON OWENS,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida. In support hereof, the University states as follows:

1. Plaintiff, Shannon Owens, commenced the above-styled action by filing a Complaint against the University in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-25827-CA-01 (07), on November 1, 2023. On November 2, 2023, Plaintiff filed an Amended Complaint as of right pursuant to Fla. R. Civ. P. 1.190(a).

2. The operative Amended Complaint alleges four claims: two arising under federal law and two arising under state law. In Counts I and II, Plaintiff alleges claims under the Florida Civil Rights Act, Fla. Stat. § 760.10 (the "FCRA") for handicap discrimination and retaliation. In

Counts III and IV, Plaintiff alleges claims under the federal Americans with Disabilities Act, 42 U.S.C. § 12112 (the "ADA") for disability discrimination and retaliation.

3.  Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.  This Court has original jurisdiction over Plaintiff's federal-law claims under the ADA (Count III and IV) pursuant to 28 U.SC. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5.  Title 28 U.S.C. § 1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This Court has supplemental jurisdiction over Plaintiff's corresponding state-law claims under the FCRA, all of which arise out of the same allegations of disability discrimination/retaliation. *See, e.g.*, *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1361 (S.D. Fla. 2013) (noting that removal was proper because the district court had original jurisdiction over plaintiff's federal-law claim and supplemental jurisdiction over plaintiff's state-law claims that "arise out of the same nucleus of operative facts" as the federal-law claim).

6.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed by counsel for the University pursuant to Fed. R. Civ. P. 11.

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the University in this action.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. The University was served with initial process on November 13, 2023. This Notice of Removal is being filed within thirty (30) days "after receipt by or service on that defendant of the initial pleading or summons." Therefore, removal is proper and timely.[1]

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

---

[1] The University has not yet responded to the Amended Complaint. Under applicable state rules, the University's response to the Amended Complaint is due on or before December 4, 2023. However, upon removal, Fed. R. Civ. P. 81(c)(2) provides that a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Therefore, the University's response is due on or before December 11, 2023 (7 days after this Notice of Removal was filed).

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: <u>/s/ Christopher M. Yannuzzi</u>
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-Mail this 4th day of December, 2023, upon the following:

Reid Levin
Reid Levin, PLLC
P.O. Box 880682
Boca Raton, Florida 33488
Tel.: (561) 866-6089
E-mail: reid@reidlevinpllc.com

By: <u>/s/ Christopher M. Yannuzzi</u>
    Christopher M. Yannuzzi