UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24565-MORENO/Becerra

SHANNON OWENS,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## DEFENDANT'S REMOVAL STATUS REPORT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to the Court's Notice of Court Practice in Removal Cases (D.E. 4)[1], hereby files its Removal Status Report. Copies of all documents from the state-court action already have been filed with the Court as attachments to the University's Notice of Removal. (*See* D.E. 1-2 through D.E. 1-6.)

    1.    As more fully set forth in the University's Notice of Removal (D.E. 1 at ¶¶ 1-2), in her operative Amended Complaint, Plaintiff, Shannon Owens, attempts to assert four claims arising out of her employment with the University. In Counts I and II, Plaintiff alleges claims under the Florida Civil Rights Act, Fla. Stat. § 760.10 (the "FCRA") for handicap discrimination and retaliation. In Counts III and IV, Plaintiff alleges claims under the federal Americans with Disabilities Act, 42 U.S.C. § 12112 (the "ADA") for disability discrimination and retaliation. (*See* D.E. 1-4.) In her various "WHEREFORE" clauses, Plaintiff seeks unquantified "damages, costs,

---

[1] Pursuant to the Court's instructions, on December 13, 2023, the University served counsel for Plaintiff a copy of the Notice by e-mail. In addition, the CM/ECF notification e-mail from the Court indicates that a copy was served on Plaintiff's counsel by e-mail through CM/ECF.

reasonable attorneys' fees, reasonable expert's fees and any further relief the Court may deem just and proper under the circumstances." (D.E. 1-4 at 12, 14, 17, 19.)

2. The only parties to this action are Plaintiff (Shannon Owens) and Defendant (University of Miami). As more fully set forth in the University's Notice of Removal (D.E. 1 at ¶¶ 3-5), the Court has original jurisdiction over Plaintiff's federal-law claims under the ADA (Count III and IV) pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's corresponding state-law claims under the FCRA pursuant to 28 U.S.C. § 1367(a).

3. The only pending motion is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (D.E. 3).

4. The University is the only Defendant in this action and filed the Notice of Removal on its behalf. (D.E. 1.)

5. As more fully set forth in the University's Notice of Removal (D.E. 1 at ¶ 8), the University was served with initial process on November 13, 2023, and timely filed its Notice of Removal on December 4, 2023, pursuant to 28 U.S.C. § 1446(b) (*i.e.*, within 30 days after the University first received, through service or otherwise, a copy of Plaintiff's initial pleading).

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 92166
    Yannuzzi@irlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF this 13th day of December, 2023, upon the following:

Reid Levin
Reid Levin, PLLC
P.O. Box 880682
Boca Raton, Florida 33488
Tel.: (561) 866-6089
E-mail: reid@reidlevinpllc.com
E-mail: reid.e.levin@gmail.com

By: /s/ Christopher M. Yannuzzi
    Christopher M. Yannuzzi