**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:23-cv-24565-FAM**

**SHANNON OWENS,**

**Plaintiff,**

**v.**

**UNIVERSITY OF MIAMI,**

**Defendant.**
______________________________________/

**REPLY OF DEFENDANT, UNIVERSITY OF MIAMI, IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## INTRODUCTION

Owens attacks the University's Motion to Dismiss ("Motion"), for relying, in part, on cases decided at the summary judgment stage. She also accuses the University of ignoring the proper standard applicable to a motion to dismiss and attempting to seek summary judgment prematurely. Her critiques are misplaced. There is nothing inappropriate about citing summary judgment cases for the requisite elements of a claim. "The legal elements of a claim do not somehow change between the motion to dismiss and the motion for summary judgment stages of litigation. A claim can fail as a matter of law in both circumstances." *Diaz v. Equifax Info. Servs., LLC*, No. 2:20-CV-437-JLB-MRM, 2021 WL 2814908, at *4-5 (M.D. Fla. Feb. 19, 2021). In other words, "the stage of this case does not change the Court's responsibility to 'take[ ] note of the elements a plaintiff must plead' as the first step in resolving a Rule 12(b)(6) motion to dismiss, *Iqbal*, 556 U.S. at 675, in order to then assess whether the complaint 'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory,' *Twombly*, 550 U.S. at 562." *Id*. (alterations in original). *See also White v. Sacred Heart Health Sys., Inc.*, No. 3:13CV532/MCR/EMT, 2014 WL 12771185, at *2 n.1 (N.D. Fla. Aug. 1, 2014) (granting motion to dismiss and noting that the Eleventh Circuit has relied on summary judgment cases to articulate the elements necessary to survive dismissal) (citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010)).

The Motion recognizes the standard at this stage is whether Owens plausibly has alleged the requisite elements of all of her claims under applicable law. It is *Owens* who misunderstands the standards. For example, she purports to take issue with the University's attachment of various exhibits to its Motion - - exhibits to which she *expressly referred* in her Complaint and which are central to her claims. [DE 6 pp. 2-3]. Binding precedent authorized the University to attach those exhibits for consideration on a Rule 12(b)(6) motion to dismiss. *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).[1] Owens cites *Neurosurgical Consultants of S. Fla., LLC v. United Healthcare Servs., Inc.*, No. 9:22-CV-81727, 2023 WL 2487257, at *3 (S.D. Fla. Feb. 21, 2023), for the proposition that a document will not be incorporated by reference unless the defendant develops a record as to its centrality. [*Id.* p. 3]. As Judge Marra made clear in the *Neurosurgical Consultants* case, however, documents properly may be considered central to the complaint where they are identified in the complaint, where the complaint's allegations indicate reliance on the documents and where their authenticity is not disputed in the plaintiff's response to the defendant's motion to dismiss. *Id.* That is the case here and, thus, this Court may, and properly should, consider the exhibits at this stage.

The Court also should reject Owens' position that it cannot (or should not) determine the sufficiency of her allegations at this stage because, she asserts, "a more developed record is *required* to determine the extent of Ms. Owens' disability." [DE 6 p. 11]. She is wrong. "Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Goldin v. Boce Grp., L.C.*, 773 F. Supp. 2d 1376, 1381 (S.D. Fla. 2011) (quoting *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)). *See also Rohn v. Palm Beach Cnty. Sch. Bd.*, No. 11-81408-CIV, 2013 WL 1748791, at *3 n.3 (S.D. Fla. Apr. 23, 2013) ("the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists"). This threshold determination should be made now.

Finally, Owens attacks the Fourth DCA's decision in *Belony v. North Broward Hospital Dist.*, No. 4D2022-3061, 2023 WL 7172299 (Fla. 4th DCA Nov. 1, 2023), characterizing its

---

[1] Ironically, after arguing against consideration of exhibits attached to the University's Motion, exhibits she specifically referenced in her complaint, Owens goes on to reference and quote the same exhibits, arguing they somehow support elements of her claims. [DE 6 pp. 10-11].

holding as "inexplicable," "without basis" and "bel[ying] logic," and stating that the court made an "absurd finding." [DE 6 pp. 2, 7-8]. She also summarily dismisses as "bad law" the well-reasoned decisions cited in the University's Motion, which demonstrate clearly that she has not alleged a disability under the ADA. [*Id.* p. 3]. Owens' disparagement of all of these judicial decisions does not make her statements true. As discussed below, they are not.

## ARGUMENT

### I. Owens Failed to Exhaust her Administrative Remedies Under the FCRA

Owens concedes that the situation that gave rise to dismissal in *Belony* is *exactly* the situation presented in this case and, for that reason, knowing that the *Belony* opinion would mandate dismissal of her FCRA claims, she amended her complaint to assert federal claims. [DE 6 p. 2]. An FCRA plaintiff "must first file an administrative complaint with the FCHR within 365 days of an alleged violation and exhaust the administrative remedies provided by the Act before a civil action asserting discrimination may be brought." *Sunbeam Tel. Corp. v. Mitzel*, 83 So. 3d 865, 873-74 (Fla. 3d DCA 2012) (citing Fla. Stat. § 760.11 and *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002)). Owens states that *Belony* added "new 'notice' requirements found nowhere within the statutory language" [DE 6 p. 2], but that is not true. The purpose of the administrative exhaustion requirements is, and always has been, "to notify the employer of discriminatory practices and to provide the FCHR with 'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Sunbeam*, 83 So. 3d at 874 (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)). "These purposes are, of course, frustrated when a claimant asserts one set of claims in the administrative proceedings but attempts to assert another set of unrelated claims in a subsequent civil action." *Id.* at 874.[2]

[2] Having opposed the Court's consideration of documents *actually referenced* and incorporated into her complaint, and while it cannot be disputed no FCRA claim is asserted in her Charge of Discrimination, Owens now argues that she "did her part by placing Defendant on notice of possible FCRA claims in Plaintiff's Rebuttal to Defendant's Position Statement submitted to the EEOC" [DE 6 p. 8] - - a document she did not include or reference in her complaint. Yet, she now apparently asks this Court to simply take her word on the issue and, in ruling on the University's Motion, to consider a document neither produced to nor seen by the Court. This, the Court cannot do. *See, e.g., Wennersten v. Comm. Diver Servs., N.A. Inc.*, No. 12-60975-CIV, 2012 WL 3230419, at *1 n.1 (S.D. Fla. Aug. 6, 2012) (dismissing claims because "Plaintiff may not amend his complaint through new allegations raised when responding to a motion to dismiss").

The FCRA provides that "a complaint ***under this section*** may be filed with the federal [EEOC] or with any unit of government of the state which is a fair-employment-practice agency. ..." Fla. Stat. § 760.11(1) (emphasis added). Thus, to exhaust one's administrative remedies, the Charge of Discrimination must allege a violation *under the FCRA* (*i.e.*, "under this section"). It is well-established that "a claim made under one of the civil rights statutes is not the same cause of action as a claim made under another." *Santini v. Cleveland Clinic Fla*., 843 So. 2d 1029, 1033 (Fla. 4th DCA 2003); *Williams v. Se. Fla. Cable, Inc.*, 782 So. 2d 988, 991 (Fla. 4th DCA 2001) (while "federal claims arise out of the same or similar conduct as her state law claims, they constitute new and different causes of action"); *Andujar v. Nat'l Prop. & Cas. Underwriters*. 659 So. 2d 1214, 1216-17 (Fla. 4th DCA 1995) (federal discrimination claims and state discrimination claims "arise from separate rights recognized and protected by different sovereigns").

Federal courts have long recognized the rule of law recently announced in *Belony*. In *Davis v. N.C. Dept. of Correction*, 48 F.3d 134 (4th Cir. 1995), the plaintiff's Charge of Discrimination filed with the EEOC alleged that he was discriminated against because of his race in violation of the federal Civil Rights Act. The Charge then was referred by the EEOC to the state agency. In holding that no claim had been filed under state law, the court explained: "[T]hat section 2000e-5(c) deems the state proceeding to have commenced upon the mailing of the charge to the state agency is not dispositive of whether the proceedings were commenced *under state law*." *Id*. at 139 (emphasis in original). *See also Hardin v. Kateh*, No. 3:10–cv–260–FDW–DSC, 2011 WL 2535038, at *4 (W.D.N.C. June 27, 2011) ("[i]t is not enough that Plaintiff file a claim of discrimination arising under federal law with the [state agency] to exhaust the state administrative remedy"). As explained in *Walker v. Electrolux Corp.*, 55 F. Supp. 2d 501 (W.D. Va. 1999):

> Walker has satisfied the requirement that she file with the state agency by virtue of the fact that she indicated on the EEOC forms that she wished the claim to be forwarded to the [state agency]. … This case boils down to whether Walker has satisfied the requirement that she initiate proceedings ***under state law*** as mandated by 42 U.S.C. § 2000e-5(c). The court holds that she has not.
>
> ***By failing to allege a violation of state law, she does not allow the [agency] to attempt to solve her problem through the mechanism set up by the state of Virginia. While it is true that the [agency] has the power to investigate violations of federal law, … this does not relieve a plaintiff of the requirement that he or she commence proceedings <u>under state law</u>. ... Walker's filing of her federal claims with the [agency] does not equate to the filing of a state law claim with the state agency***. (Emphasis added).

*Id*. at 503-504. *See also Salehian v. Nevada State Treasurer's Office,* 618 F. Supp. 3d 995, 1006-07 (D. Nev. 2022) (dismissing state law claims because they were not raised in the EEOC Charge).

Owens argues that this Court should reject *Belony* and, instead, follow the recent decision of *Ramos v. Steak N Shake, Inc.*, No. 2D22-3465, 2023 WL 8791666 (Fla. 2d DCA Dec. 20, 2023), in which the Second DCA certified conflict with *Belony* and held that a charging party need not specifically allege a violation of the FCRA in his/her Charge of Discrimination because section 760.11 does not expressly require it. Nowhere in its decision, however, did the Second DCA even mention or attempt to explain the meaning of the language in section 760.11(1) that a charging party may include in its EEOC Charge of Discrimination a complaint "under this section" (*i.e.*, under the FCRA) by claiming a violation *only* of federal law. Clearly, there is no question that the *Belony* decision is better reasoned and decided in accordance with the language of the FCRA.

As the Court explained in *Gardens v. Atain Specialty Ins. Co.*, No. 20-cv-22557-COOKE/GOODMAN, 2022 WL 851469, at *3 (S.D. Fla. Feb. 8, 2022):

> In interpreting Florida law, [the Court looks] first to precedent from the Florida Supreme Court. If there is no such precedent, we adhere to decisions of Florida's intermediate appellate courts absent some persuasive indication that the Florida Supreme Court 'would decide the issue otherwise.'" *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F. 3d 1313, 1318 (11th Cir. 2015) (citation omitted). Where Florida's appellate courts are split on an issue, the Florida Supreme Court has instructed trial courts to follow the law of the appellate district "in which the trial court is located." *Pardo v. State*, 596 So. 2d 665, 667 (Fla. 1992); see also *United States v. Montague*, 437 Fed. App'x 833, 836 (11th Cir. 2011) (citing to the rule in *Pardo*).

There is no Third DCA published decision directly addressing the issue. However, the Honorable Abby Cynamon considered this precise issue in *Casadesus v. Univ. of Miami*, No. 12-23334 CA (32) (Fla. 11th Jud. Cir. Ct. 2014). In *Casadesus*, the plaintiff filed a Charge of Discrimination with the EEOC, referencing only federal law, stating: "I believe Respondent (the University of Miami) discriminated against me because of my disability in violation of Title I of the American [sic] with Disabilities Act of 1990." But, in his subsequent lawsuit, the plaintiff asserted a claim of disability discrimination under the state FCRA. Judge Cynamon entered an Order, a copy of which is attached as Exhibit A, dismissing that claim, *with prejudice*, for lack of subject-matter jurisdiction because the plaintiff failed to exhaust his administrative remedies for his state-law claim. (Ex. A pp. 5-7 ¶¶ 1-5). That dismissal was affirmed, *per curiam*, by the Third District Court

of Appeal. *Casadesus v. Univ. of Miami*, 160 So. 3d 436 (Fla. 3d DCA Mar. 4, 2015), a copy of which Order is attached as Exhibit B. Thus, the *Casadesus* decision provides this Court with a reliable indication that the Third DCA would agree with the *Belony* decision, not with *Ramos*.

The Honorable Jorge Cueto reached the same conclusion in *Robles v. Baptist Health S. Fla., Inc.*, No. 15-026943-CA-25 (Fla. 11th Jud. Cir. Ct. Jan. 21, 2016). In *Robles*, the plaintiff filed a Charge of Discrimination, alleging that her employment was terminated "in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act." Like in *Casadesus* and in this case, the plaintiff's Charge in *Robles* expressly referenced only federal law and did not reference the FCRA. In her subsequent lawsuit, however, the plaintiff attempted to assert claims under the FCRA. Judge Cueto dismissed those claims *with prejudice*, for failure to exhaust administrative remedies. A true and correct copy of that order is attached as Exhibit C. The plaintiff attempted to appeal but her appeal was dismissed for lack of jurisdiction. *Robles v. Baptist Health S. Fla., Inc.*, 197 So. 3d 1196, 1199 (Fla. 3d DCA 2016).

**II. Plaintiff has Failed to Allege That she has a Disability**

Owens asserts that the University goes beyond the four corners of the complaint and falsely characterizes her allergy as periodic, episodic and temporary. [DE 6 p. 3]. However, Owens herself alleges that she has a "contact allergy to latex, irritants, and elastic components" and that, "[w]hen latex and certain irritants trigger Owens' allergy, it severely inhibits her ability to breathe." [DE 1-4 ¶¶ 11-12]. Owens does not allege that her allergy inhibits her ability to breathe generally. Rather, *according to Owens*, her impairment inhibits her ability to breathe *only* if her allergy is triggered by contact with latex and/or certain irritants. Owens' own allegations establish that her impairment is periodic, episodic and temporary.

Owens also characterizes all cases decided prior to the ADAAA of 2008 as "bad law." [DE 6 p. 3]. She is wrong. "[A]lthough the ADAAA lowered the threshold of 'substantial impairment,' it did not remove it entirely." *Dorsey v. DeJoy*, No. 1:18-cv-615, 2022 WL 908855, at *11 (S.D. Oh. Mar. 29, 2022). "[A] court may still, even after the Amendments, consider the duration or expected duration of an impairment as one factor in determining whether substantial impairment exists." *Id.* In *Moore v. Centralized Mgmt. Servs.*, LLC, No. 19-1592, 2020 WL 2037191, at *2-3 (E.D. La. Apr. 28, 2020), the court characterized as "unavailing" the argument now made by Owens (that the court may not properly consider pre-ADAAA law). As that court correctly explained, "the directive that the ADA 'shall be construed in favor of broad coverage' does not

absolve a plaintiff from alleging facts as would satisfy the basic threshold requirement of qualifying as disabled under the ADA." *Id.* at *3. "Whether an impairment is substantially limiting depends on (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact" - - a test, the court noted, that has been consistently and repeatedly applied in the years since the 2008 amendments. *Id.*

Post 2008 and "[c]onsistent with these principles, federal courts have routinely dismissed disability discrimination claims when a plaintiff failed to establish that allergies or autoimmune issues substantially limited a major life activity." *Brady v. Evangelical Lutheran Good Samaritan Soc'y*, No. 4:22-CV-841-sdj, 2023 WL 6393882, at *5 (E.D. Tex. Oct. 2, 2023) (collecting cases). Thus, "sporadic episodes of difficulty breathing due to asthma when the individual is exposed to an irritant is not sufficient to demonstrate that the asthma substantially limited the individual's breathing so as to qualify as a disability under the ADA." *Andrews v. Tri Star Sports and Entm't Grp., Inc.,* No. 3:21-cv-00526, at *10 (M.D. Tenn. July 6, 2023). In *Mendez v. Ada Cmty. Libraries Bd. of Trs.*, No. 1:20-cv-00589-DCN, 2021 WL 2418004, at *3 (D. Idaho June 11, 2021), the court dismissed plaintiff's ADA claim, which alleged that, due to his allergies, he could not adhere to COVID requirements that he wear a mask. The court explained that "having allergies is not generally considered a disability under the ADA" and plaintiff had made no showing in his complaint that his allergies substantially limit a major life activity. *Id.* at *3 n. 1 (citing *Wren v. Midwestern State Univ*., No. 7:18-CV-00060-O-BP, 2019 WL 3099408, at *9 (N.D. Tex. June 25, 2019) (because allergies rarely limit a major life activity to the degree necessary under the ADA, they rarely qualify as a disability)). All Owens has alleged is that she has contact allergies that cause her to experience difficulty in breathing if and when she is exposed to an irritant that triggers the allergy. That is not sufficient to allege an ADA disability.[3]

---

[3] Owens also argues that she has claustrophobia, which "falls squarely within the 'psychological disorder' category." [DE 6 p. 10]. Yet, Owens' complaint only twice mentions, in conclusory fashion, that she has claustrophobia [DE 1-4 ¶¶ 11, 42], and nowhere does she include any facts to show how, if at all, this alleged psychological impairment substantially limits one or more major life activities. "[T]he inquiry is whether the impairment substantially limits a major life activity, and it is the plaintiff's job to identify that major life activity (or activities)." *Dorsey*, 2022 WL 908855, at *12. Owens has failed to do so.

### III. Plaintiff has Failed to Allege She was Subjected to Unlawful Discrimination

In order to state a claim of disability discrimination under the ADA, Plaintiff must allege facts that plausibly suggest Defendant discriminated against her because of her disability, either by engaging in disparate treatment or by failing to provide a reasonable accommodation. *Gadsden v. Publix Supermarket*, No. 2:20-CV-00115-SCJ-JCF, 2021 WL 2548702, at *3 (N.D. Ga. Jan. 4, 2021). As a threshold matter, having failed to allege that she has a disability cognizable under the ADA and, thus, that she is entitled to the ADA's protections, Owens has failed to establish that she was entitled to reasonable accommodations. *See, e.g., Webb-Eaton v. Wayne Cty. Comm. Coll. Dist.*, No. 12-14821, 2013 WL 3835208, at *3 (E.D. Mich. July 24, 2013) (dismissing plaintiff's ADA disability claim because a latex allergy is not a disability under the ADA and "those who do not have a disability are not entitled to reasonable accommodations or any other protections afforded by the ADA").[4]

As to disparate treatment, the sum and substance of Owens' allegations is that she reported that several CANs and RNs were permitted to wear masks other than those she was required to wear and, thus, that the University "subjected her to adverse employment actions on the basis of her disability while treating her similarly situated non-disabled colleagues more favorably." [DE 1-4 ¶¶ 57-58, 80, 108]. Such conclusory allegations, with no identification of comparators and no factual allegations to demonstrate that any comparator was similarly situated to her in all relevant respects is not sufficient to state a discrimination claim under a disparate treatment theory. Owens argues that the University, wrongly, "searches far and wide for the proposition that Plaintiff must, at the pleading stage, satisfy the *McDonnell Douglas* evidentiary framework." [DE 6 p. 14]. No such position has been taken. One need search no further than the decisions of Florida's district courts to conclude that Owens' has failed to state a claim. For example, in *Ruedas-Rojas v. McAleenan*, No. 19-CV-22522-MARTINEZ-OTAZO-REYES, 2020 WL 6143652, at *7 (S.D. Fla. June 1, 2020), Judge Martinez dismissed the plaintiff's discrimination claim, explaining:

> Plaintiff has not established a prima facie case of discrimination, because he fails to show that he was treated less favorably than another similarly-situated employee. Although Plaintiff states generally that he was treated less favorably than other

---

4 In her Response, Owens raises a new theory nowhere found in her complaint that she "was regarded as having a disability." [DE 6 p. 4]. This new theory does nothing to advance Owens' case because "an individual who demonstrates that she is 'regarded as' disabled, but who fails to demonstrate that she is actually disabled, is not entitled to a reasonable accommodation." *Robinson First State Comm. Action Agency*, 920 F. 3d 182, 186 (3d Cir. 2019).

> African employees with similar disabilities, … the Court finds such allegations conclusory in nature.
>
> Though a Title VII case "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case," Plaintiff must provide sufficient factual matter to meet the plausibility standard set forth in *Twombly* and *Iqbal*. Even pre-*Twombly*, the Eleventh Circuit has upheld dismissal of a plaintiff's claims where they failed to identify any specific similarly situated comparator. *See Jackson v. BellSouth Telecomms.*, 372 F. 3d 1250, 1271 (11th Cir. 2004); *see also Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (affirming dismissal of plaintiff's disparate treatment claim where plaintiff's complaint "generically referenced younger males, but nowhere in her complaint does she identify any valid comparators to undergird" those claims); *Henderson v. Dade Cty. Police Benev. Ass'n, Inc.,* 2014 WL 3591600, at *8 (S.D. Fla. 2014) (dismissing plaintiff's discrimination claims based on "conclusory assertions" that Hispanic males were promoted to the exclusion of African American women "without factual support as to how each was similarly-situated in all relevant aspects to the Plaintiff, are insufficient"); *Borenstein v. Williams Island Prop. Owners Ass'n, Inc.,* 2019 WL 1406466, at *3 (S.D. Fla. Mar. 28, 2019) (dismissing plaintiff's discrimination claims for failure to "provide any sort of detail about this comparator.").

*See also Beeker v. City of Miami Beach,* No. 21-22771-Civ-Scola, 2022 WL 1184766, at *2-3 (S.D. Fla. Apr. 21, 2022) (dismissing claim for failure to allege facts to show identified comparators were similarly situated); *Connor v. City of Naples Airport Auth.*, No. 2:21-cv-332-SPC-NPM, 2021 WL 4593791, at *3 (M.D. Fla. Oct. 5, 2021) ("allegations are too vague to draw any conclusions about potential comparators or support Connor's theory of disparate treatment").

**IV. Plaintiff Fails to State a Claim for Retaliation**

Owens alleges that, on March 3, 2022, she engaged in statutorily protected conduct by reporting that several employees were wearing KN95 masks instead of the required N95 masks and that, after she did, she was subjected to different terms and conditions of employment - - *to wit*, she developed a reputation for complaining and "was made fun of, ostracized, and made to feel like a burden" and some co-workers called her a "princess," "the special white girl" and "the complainer." [DE 1-4 ¶ 50]. Owens asserts that such allegations are enough to demonstrate that she was subjected to unlawful discrimination and that is all she needs to allege in support of her retaliation claim at this juncture. [DE 6 p. 15]. Understandably, Owens provides no legal support for that proposition. "Employers are prohibited from taking 'adverse employment action against an employee for opposing discriminatory practices in the workplace." *Calloway-Durham v. N.C. Dept. of Justice*, No. 5:21-CV-371-BO, 2022 WL 3718487, at *5 (E.D.N.C. Aug. 29, 2022).

"Adverse actions in the retaliation context are those that are 'harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57 (2006). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* "[C]ourts regularly dismiss retaliation claims where the complaint fails to allege employment actions that can be considered materially adverse." *Lewis v. Yellen*, No. 20-3431, 2021 WL 5416634, at *6 (D.D.C. Nov. 19, 2021). "'Petty slights, minor annoyances and simple lack of good manners' generally will not suffice." *Leite v. Sch. Dist. Of Pa.*, No. 22-306, 2022 WL 11804034, at *2 (E.D. Pa. Oct. 20, 2022) (dismissing retaliation claim). Owens fails to allege any adverse action resulting from the alleged protected conduct.

Owens further alleges that, on July 15, 2022, after she advised the University she could not return to work, she was terminated. [DE 1-4 ¶ 68]. While termination *is* an adverse action, advising your employer that you are unable to return to work at the expiration of leave is not protected conduct and a plaintiff does not plausibly allege that an employer's decision to terminate her employment was motivated by discriminatory animus because she is unable to return to work after expiration of approved leave. *See, e.g., Sakanovic v. Utica Nat.*, No. 6:22-CV-00359 (MAD/ATB), 2023 WL 6122851, at *9 (N.D.N.Y. Sept. 19, 2023) (collecting cases).

Finally, Owens fails to plead causation. She alleges that, "[e]ven if Defendant had legitimate, non-discriminatory reasons, Plaintiff's disability was, at a minimum, a motivating factor in Defendant's retaliatory employment decisions." [DE 1-4 ¶¶ 96, 125]. "To prevail, plaintiff would have to show that 'the desire to retaliate was the but-for cause of the challenged employment action.'" *Calloway-Durham*, 2022 WL 3718487, at *5 (quoting *Villa v. CavaMezze Grill, LLC*, 858 F. 3d 896, 900 (4th Cir. 2017)). Thus, "[t]o overcome a motion to dismiss, 'the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action,' not merely that 'retaliation was a 'substantial' or motivating factor in the employer's decision." *Briggs v. SCO Family of Servs.*, No. 21-3065-cv, 2023 WL 3589896, at *2 (2d Cir. May 23, 2023) (quoting *Vega v. Homestead Union Free Sch. Dist.*, 801 F. 3d 72, 90-91 (2d Cir. 2015)).

**CONCLUSION**

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, the Amended Complaint should be dismissed.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive
Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Teresa Ragatz
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Christopher M. Yannuzzi
Florida Bar No. 92166
Yannuzzi@irlaw.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM.ECF this 8th day of January, 2024, upon the following:

Reid Levin, Esq.
Reid Levin, PLLC
P.O. Box 880682
Boca Raton, Florida 33488
Tel.: (561) 866-6089
E-mail: reid@reidlevinpllc.com

By: /s/ Teresa Ragatz
Teresa Ragatz